EASTERN DIST.
*April,* 1837.

PONTCHARTRAIN
RAIL ROAD CO.
*vs.*
PAULDING.

</div>

## PONTCHARTRAIN RAIL ROAD CO. *vs.* PAULDING.

*see 3 La. 568, 591*

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The rules and regulations of the Rail Road Company provide that it shall be the duty of the president to preside at all the deliberations of the board; to keep, with the secretary, the general cash of the company, and in his special charge *all bonds of the officers,* &c.; and the secretary is required to give a *bond of five thousand dollars: Held,* that it was the duty of the president to *take* this bond, and on failure or neglect, he is personally liable for the defalcations of the secretary, to the *amount of the bond* he was bound to take.

This is an action against the late president of the Pontchartrain Rail Road Company to render him liable for the sum of three thousand nine hundred and fifty-eight dollars, abstracted by the then secretary, who absconded, on the ground of failure to take a bond and security from the secretary, as prescribed by the rules and regulations of the board. The facts of the case that are material, are set out in the opinion of the court.

*Hoa,* for the plaintiffs, maintained that by the by-laws or rules and regulations of the company, the president was bound to take bond and security from the secretary, which the defendant omitted until the deficit occured, and the secretary absconded.

6

EASTERN DIST.
*April*, 1837.

PONTCHARTRAIN
RAIL ROAD CO.
*vs.*
PAULDING.

2. It is urged, there are no by-laws making it the duty of the president to take this bond. There is the report of a committee prescribing the duty by resolutions, which were spread upon the books of the company, approved and signed by the president.

3. The negligence of former presidents in this matter, forms no excuse in the present case ; besides, the by-laws by the recent report and approval of a committee and the board, make it the express duty of the president, to take and keep the secretary's bond, &c.

4. It is further contended, that the by-laws relied on only require the president to *hold* or *keep* the bond, and that it is not made his duty to *obtain* or *take* a bond from the secretary. How can he keep the bond if he does not in the first place obtain it? He could not say he had *under his especial charge* the bonds of officers, and other valuable papers, if he suffers their absence to go unaccounted for to the board.

5. It being the duty of the president to take bond of the secretary, the omission of this duty is such gross negligence as to render him liable for all the loss to the company, which was occasioned by the secretary.

*Johnson,* for the defendant, contended, there was in fact no by-laws making it the duty of the president to take bond and security from the secretary. The report of a committee appointed to draft by-laws, although approved is no by-law of itself. This report does not require the president to take the bond from the secretary. No by-laws can be implied as resulting from custom or usage, or authority, sufficient to impose such responsibility on the president.

2. If such by-law had existed, it was repealed by disuse. It appears that it had not been observed under three or four preceding presidents. The same power that can make laws, can also repeal them ; and if they can be established by custom, they can also be repealed in the same manner. *Angell and Ames on Corporations, page* 180, 181. *Attorney General* vs. *Middleton,* 2 *Ves. Sr.* 330. *Berwick upon Tweed* vs. *Johnson, Lofft.* 339.

EASTERN DIST.
*April,* 1837.

PONTCHARTRAIN
RAIL ROAD CO.
*vs.*
PAULDING.

3. The said by-law, even if deemed in full force at the time, is too vague to bind the defendant to its execution. For the duty of *holding* bonds and other valuable papers, is certainly not that of *obtaining* them; in the next place, an obligation on the part of the secretary to give a *bond,* is not one to give *security* also; lastly, the time for giving or exacting the bond, is not specified.

4. But, granting the enactment of the said by-law, its continuance in force, and its susceptibility of the construction attempted to be put upon it by the plaintiffs, not *one* only, but *all* of which must be proved, before they can have any foundation for their action; *even then* the defendant is not liable, for he is not chargeable with want of due diligence in the performance of his duties.

'5. He communicated to the directors the situation of things, *before any loss* had been *sustained.* One of three courses was then to be taken; to exact a bond with security of the secretary; to dismiss him at once; to retain him without bond and security. The first was rejected by all, as dishonorable, in the actual circumstances; the second as inexpedient, it being impossible at that time to supply his place; the last was adopted, not by defendant, but by the *directors;* it was *their act.* The defendant was not allowed to remove the secretary from office, the only thing which would have avoided the loss. The directors were fully satisfied with the diligence of the president, and, on his resignation, voted him their thanks, for the able manner in which he had discharged his duties.

*Carleton, J.,* delivered the opinion of the court.

The plaintiffs allege in their petition, that one A. B. M'Leod, who was appointed their secretary in April, 1834, defrauded them out of the sum of three thousand nine hundred and fifty-five dollars and seventy-four cents, with which he absconded from the country. That it was the duty of defendant, who was at that time president of the company, to have required a bond from the secretary for the faithful discharge of his trust; that by neglecting to do so, and to perform

EASTERN DIST.  other official duties incumbent on him, he became liable to
*April*, 1837.   pay the plaintiffs the sum claimed in their petition.

PONTCHARTRAIN       The defendant pleaded the general issue.   The cause was
RAIL ROAD CO.   submitted to the court, who gave judgment for the plaintiffs.
*vs.*          Defendant appealed.
PAULDING.

 In order to establish the liability of the defendant, the
plaintiffs' counsel has called our attention to an article in the
rules and regulations of the company, prescribing the duties
of the president, in the following words :

 " It shall be the duty of the president to preside at all the
deliberations of the board ; to keep, with the secretary, the
general cash of the company, and in his special charge, all
bonds of officers and other valuable papers ; to exercise a
general supervision at all times, of the accounts, and of the
works and operations of the company, and to recommend to
the board of directors, at their weekly meetings, any measures
that he may deem it necessary for them to adopt."

 He also cited a clause in rule third, prescribing the duties
of the secretary, wherein it is declared, that " he shall give a
bond of five thousand dollars."

 It was clearly the duty of some one, or all of the agents of
the company, to require a bond from their secretary, other-
wise the provisions cited from the above regulations would
be altogether nugatory.   If the defendant, when sued, can
shift off the responsibility upon the body of directors, as was
attempted in argument ; they, in turn, when called to an
account, would insist upon the liability of the president ;
nevertheless, responsibility must rest somewhere.

 It is not only required that the secretary should give bond
in the sum of five thousand dollars, but the president is made
the keeper of that bond ; he is moreover invested with a
general supervising power, as the chief officer of the institu-
tion, and is appointed the immediate guardian of the public
monies, in conjunction with the secretary himself.   It is not
probable, therefore, that he should have been ignorant that
no bond had been given by M'Leod.   And if he did not
conceive it to be his duty to take it himself, it was at any
rate incumbent on him to have presented the subject to the
consideration of the board.

*The rules and
regulations of
the Rail Road
Co. provide, that
it shall be the
duty of the pre-
sident to preside
at all the delibe-
rations of the
board ; to keep,
with the secre-
tary, the general
cash of the com-
pany, and in his
special charge all
bonds of the offi-
cers, &c., and
the secretary is
required to give
a bond of five
thousand dollars :
Held, that it was
the duty of the
president to take
this bond, and on
failure or neg-
lect, he is per-
sonally liable for
the defalcations
of the secretary,
to the amount of
the bond he was
bound to take.*

But it is insisted by defendant's counsel, that the word EASTERN DIST. "bond," as used in the by-laws, does not imply that the *April,* 1837. secretary shall give security. We cannot agree to this inter- PONTCHARTRAIN pretation, for he is by implication of law, at all times respon- RAIL ROAD CO. *vs.* sible for mal-feasance in office. To take his individual bond PAULDING. therefore, would be doing a vain thing, since it could not add to the obligation already created.

We cannot doubt that it was the intention of the board, in requiring bond of their secretary, to provide additional security against any loss caused by his misconduct. And such appears to have been the practical construction given to the rule by the defendant himself; for it is in evidence, that on the 23d January, 1834, a few days after he was chosen president, E. Rousseau was elected secretary, and gave bond accordingly, with security, which was approved by order of the board, at which the defendant presided.

It is also contended by defendant's counsel, that the rules and regulations for the government of the president and directors have never been legally adopted as their by-laws.

The original books of records of the company have been brought into this court, and made part of the evidence in the cause. From thence it appears, that on the 16th November, 1832, a committee was appointed to re-organize the affairs of the company, and certain rules indicated in the order, were submitted to them.

On the 19th of the same month, they made a report which embraced a number of regulations, including those above cited, which were ordered to lie on the table. On the 26th, they were adopted, and spread out upon the records on the 1st December next, following.

The defendant was elected president on the 7th January, 1834, and on that day signed the proceedings of the board in the same book of records, in which his official signature is often found, subsequent to the insertion of the rules and regulations.

It appears to us, therefore, that any objection to the validity of these rules comes with a very ill grace from the defendant.

EASTERN DIST.
*April*, 1837.

The evidence in the cause shows that the company have been defrauded by their secretary, out of the sum mentioned in the petition, and we think the law is against the defendant.

Every one who undertakes the fulfilment of a trust, has before him two alternatives: to perform its duties or to pay for his neglect. The affairs of every corporation must necessarily be conducted by its officers. A great portion of the wealth of the country is embodied in these institutions, which have of late multiplied beyond all former example. Unless their agents be held to a prompt and vigilant discharge of their trusts, great mischief would inevitably follow.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.